# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **JAMES W. CHANEY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action Number** |
| ) | **3:13-cv-02246-AKK** |
| **JERRY MCBRIDE, et al.**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court are defendant G.UB.MK Constructors' (G.UB.MK) motion for judgment on the pleadings, or, alternatively, for summary judgment, doc. 33, and defendant Tennessee Valley Authority's (TVA) motion to dismiss plaintiff James W. Chaney's (Chaney) punitive damages claim and strike Chaney's jury demand, doc. 31. For the reasons explained below, both motions are due to be granted.[1]

**I**. **G.UB.MK'S MOTION FOR JUDGMENT ON THE PLEADINGS**

*A. Factual Background and Procedural History*

---

[1] Chaney also filed a motion for leave to file a surreply. Doc. 40. Although the court's briefing schedule does not permit a non-movant to file a reply brief, the court has considered the arguments Chaney raises in his surreply. Therefore, the court will grant his motion.

On June 26, 2012, a vehicle driven by Jerry McBride struck Chaney, who was bicycling near Wilson Dam. Doc. 1 at 8. Chaney suffered serious injuries as a result of the collision, and subsequently commenced this action against McBride, the TVA, and G.UB.MK. *Id*. at 1, 9. Chaney and G.UB.MK agree that at the time of the accident, "McBride was acting as an agent and/or employee and/or servant" of both the TVA and G.UB.MK. *See id*. at 11–12; doc. 34 at 2.

On March 3, 2014, the court issued an order dismissing McBride as a defendant to this action pursuant to 16 U.S.C. §831c-2, which provides that if an individual, like Chaney, suffers a personal injury due to the fault of a TVA employee acting within the scope of his employment, the injured person's remedy is a suit against TVA, not the TVA employee. Doc. 24 at 7–8. In light of this order, G.UB.MK contends that it is also due to be dismissed from this case and has moved for a judgment on the pleadings.

*B. Standard of Review*

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998) (citing Fed. R. Civ. P. 12(c)). The court must "accept the facts in the complaint as true" and "view them in the light most

favorable to the nonmoving party." *Id*. As such, the "complaint must not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. (quoting *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir.1996)).

   *C. Analysis*

   Chaney's sole theory of liability against G.UB.MK is that as McBride's principal/employer, "G.UB.MK [] is vicariously liable for [McBride's] negligent and/or wanton conduct." Doc. 1 at 11. Consequently, G.UB.MK contends that it is due to be dismissed as a defendant to this action "because the [c]ourt has held . . . that . . . McBride is entitled to absolute immunity under . . . 16 U.S.C. § 831c-2, and as a matter of Alabama respondeat superior law, there is no basis for imposing vicarious liability on the putative master if the putative servant is immune from liability." Doc. 34 at 2 (citing *Hollis v. City of Brighton*, 885 So. 2d 135, 141–42 (Ala. 2004)). Chaney counters G.UB.MK's argument by contending that the authority G.UB.MK relies upon is inapplicable to the present matter because it merely stands for the premise that "where a municipal employee/servant is shielded from immunity, then, generally, the municipality employing, (or acting as the principal of), the employee/servant cannot be held vicariously liable for the employee/servant's negligent conduct." Doc. 37 at 22.

In support of their respective positions, Chaney and G.UB.MK point to a line of cases in which Alabama courts have limited the vicarious liability of principals for the actions of their agents based on the agents' immunity from suit. *See Wheeler v. George*, 39 So. 3d 1061 (Ala. 2009); *Hollis v. City of Brighton*, 885 So. 2d 135 (Ala. 2004); *Gore v. City of Hoover*, 559 So. 2d 163 (Ala. 1990), *overruled on other grounds by Franklin v. City of Huntsville*, 670 So. 2d 848 (Ala. 1995)*; Larry Terry Contractors, Inc. v. Bogle*, 404 So. 2d 613 (Ala. 1981); *Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So. 3d 226, 249 (Ala. Civ. App. 2010). In some of these cases the defendants are municipalities[2], in others the defendants are private entities[3], which undermines Chaney's argument that case law only

---

[2] *See Wheeler*, 39 So. 3d at 1090–91 (upholding the lower court's grant of summary judgment to the Industrial Development Board (IDB) of the city of Montgomery on the grounds that the IDB could not be vicariously liable for the actions of its chairman because the chairman enjoyed statutory immunity); *Hollis*, 885 So. 2d at 141–42 (upholding the lower court's grant of summary judgment to the city of Brighton on the grounds that the city could not be vicariously liable for the negligence of its volunteer firefighters, who enjoyed statutory immunity); *Gore*, 559 So. 2d at 165–66 (upholding the lower court's grant of summary judgment to the city of Hoover on the grounds that the city could not be vicariously liable for the negligence of a magistrate, who enjoyed judicial immunity).

[3] *See Larry Terry Contractors*, 404 So. 2d at 614 (reversing a jury verdict against a contractor when the only claim the plaintiff pursued against the contractor was vicarious liability for the negligence of its employee, whom the jury exonerated); *Willow Lake Residential Ass'n*, 80 So. 3d at 349 (finding that a homeowners' association could not be vicariously liable for the alleged trespass of its agents who had permission to enter the property at issue and enjoyed statutory immunity); *see also United Steelworkers of Am. AFL-CIO-CLC v. O'Neal*, 437 So. 2d 101, 103 (Ala. 1983) (reversing a jury verdict finding a union liable on a respondeat superior theory for the actions of its member, whom the jury exonerated).

provides authority for shielding municipalities from vicarious liability for the negligence of their employees. Moreover, even in the cases in which the defendants are municipalities, Chaney simply fails to explain how the defendants' status as municipalities, as opposed to their more general status as principals, factors into the courts' analyses and ultimate conclusion that the defendants are not vicariously liable for their agents' actions. *See e.g.*, *Hollis*, 885 So. 2d at 142 (stating that "if a putative servant is not liable, either because he is innocent or because he is immune, no liability exists to be visited upon the putative master under the rule of respondeat superior") (citing *Gore*, 559 So. 2d at 165); *Gore*, 559 So. 2d at 165[4] (stating that "if the agent is not liable, the principal cannot be held

---

[4] In arguing that, under Alabama law, only municipalities are immune from vicarious liability for the actions of their agents when the agents themselves are immune, Chaney primarily relies upon *Gore*, arguing that "pursuant to *Gore*, as a matter [of] public policy, a municipality cannot be held vicariously liable for the negligent acts of its agent or employee [] if the agent or employee is immune from suit," doc. 37 at 15, and that those public policy considerations "are not applicable to G.UB.MK, a private entity," doc. 37 at 16. The text of *Gore*, however, fails to support Chaney's argument:

> If the magistrate acted merely negligently, then he or she is protected by judicial immunity. The city could be liable only by respondeat superior, and if the agent is not liable, the principal cannot be held liable, either. *United Steelworkers of America v. O'Neal*, 437 So.2d 101 (Ala.1983); *Larry Terry Contractors, Inc. v. Bogle*, 404 So.2d 613 (Ala.1981). Although those cases, and the ones cited therein, concerned instances in which a jury found the agent not liable, we hold that the same principle should apply here. If the judicial officer cannot be held liable as a matter of public policy for negligent acts, similar considerations of public policy dictate that the municipality itself cannot be held liable.

*Gore*, 559 So. 2d 165–66. Although Chaney is correct that *Gore* holds that, "[i]f [a] judicial officer cannot be held liable as a matter of public policy for negligent acts, similar considerations

liable either") (citing *United Steelworkers of America*, 437 So. 2d 101; *Larry Terry Contractors*, 404 So. 2d 613); *see also Indus. Dev. Bd. of City of Montgomery v. Russell*, 124 So. 3d 127, 137 (Ala. 2013) (stating that *Wheeler*, 39 So. 3d 1061, stands for "[t]he principle that an entity may be insulated from vicarious liability that would otherwise result from the misfeasance or malfeasance of its employee or agent where the employee or agent enjoys immunity for his or her acts or omissions").[5]

---

of public policy dictate that [a] municipality itself cannot be held liable" for those acts, *id.*, that holding is based upon the principle set forth in *United Steelworkers of America* and *Larry Terry Contractors* that "if the agent is not liable, the principal cannot be held liable, either," *id.*, at 165, and, as explained above, the *United Steelworkers of America* and *Larry Terry Contractors* defendants were private entities. Consequently, *Gore* does not support Chaney's argument that under Alabama law, only municipalities are immune from vicarious liability for the actions of their agents when the agents themselves are immune.

Similarly, Chaney's observation that the *Hollis* court "cited *Gore* . . . and only *Gore*, for the proposition that a municipality cannot be held vicariously liable where its employee is immune from suit," doc. 37 at 11 (emphasis in original) (citing *Hollis*, 885 So. 2d at 141–42), carries little weight in light of the fact that the *Hollis* court also quoted the *Larry Terry Contractors* opinion as standing for the broader principle that "'when [a] principal and his agent are sued in [a] joint action in tort for misfeasance or malfeasance of the servant, and his liability for the conduct of said servant is under the rule of respondeat superior, a verdict in favor of the servant entitles the master to have the verdict against him set aside,'" *Hollis*, 885 So. 2d at 141–42 (quoting *Larry Terry Contractors*, 404 So. 2d at 614).

[5] In light of these cases, it is clear that to the extent, as Chaney contends, that *Mi-Lady Cleaners v. McDaniel* stands for the premise that "the immunity of the agent does not shield the principle from liability," *see* doc. 27 at 17 (citing 179 So. 908 (Ala. 1938)), subsequent cases have overruled it. Moreover, if the court views *Mi-Lady Cleaners* through the narrow lens Chaney applies to the more recent Alabama vicarious liability/agent immunity cases discussed above, it merely supports the position that if parents injure their children within the scope of their employment, their employers are not freed from liability because of "any special immunity resulting from the domestic relation existing between the person injured and the [employee/parent] who committed the negligent or wrongful act," *Mi-Lady Cleaners*, 179 So. at 911, and because of its factual specificities, applicable only in rare circumstances.

The court concludes that G.UB.MK is correct that under Alabama law, a principal cannot be vicariously liable for the acts of its agent when the agent is immunized from liability for those acts, and rejects Chaney's reading of the previously discussed cases as unduly narrow. It follows that, because Chaney's sole claim against G.UB.MK is based on its purported liability for McBride's actions, doc. 11 at 1, because Chaney does not dispute that McBride was G.UB.MK's agent at the time of the accident, *id*. at 11–12, and because the court previously determined that McBride is immune from liability in this matter pursuant to 16 U.S.C. §831c-2, doc. 24 at 7–8, Chaney has failed to plead a set of facts that entitle him to relief under Alabama law. Consequently, G.UB.MK's motion for judgment on the pleadings is due to be granted.[6]

---

Likewise, as Alabama law governs Chaney's claim against G.UB.MK, *see* doc. 1 at 3 (stating that this court has subject matter jurisdiction over Chaney's claim against G.UB.MK pursuant to 28 U.S.C. § 1367), and Alabama's highest court clearly has indicated on multiple occasions that a principal cannot be vicariously liable for the actions of its agent when the agent enjoys immunity and consequently cannot be liable for those actions, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (stating that "[e]xcept in matters governed by the Federal constitution, the law to be applied in any case is the law of the state . . . [as] declared by its legislature in a statute or by its highest court in a decision"), federal courts' interpretation of Alabama case law and cases from other jurisdictions examining the implications of agent immunity on principal liability, *see* doc. 37 at 17–22; doc. 40 at 2–3 (collecting cases), are irrelevant to the court's analysis of the immunity issue.

[6] Because G.UB.MK's immunized-servant argument is dispositive, the court declines to address G.UB.MK's borrowed servant argument.

## II. THE TVA'S MOTION TO STRIKE CHANEY'S JURY DEMAND[7]

The TVA moves to strike Chaney's jury demand on the grounds that "there is no right to a jury trial against the United States or its agencies unless Congress expressly confers such a right by statute." Doc. 32 at 5. Chaney's arguments to the contrary are nonstarters because this court has previously held that there is no right to a jury trial against the TVA. *See Brown v. Tenn. Valley Auth.*, No. 5:14-cv-00064-CLS, Order at 2, (N.D. Ala. Apr. 2, 2014); *Bobo v. ACGO Corp. et al.*, No. 5:12-cv-1930-CLS, 2013 WL 1668332, at * 1 (N.D. Ala. Apr. 15, 2013); *N. Ala. Elec. Coop. v. Tenn. Valley Auth.*, No. 5:10-cv-03252-CLS, Mem. Op. at 7–8 (N.D. Ala. Sept. 28, 2011). Chaney's contention that these cases misapply relevant law is unpersuasive because it relies on legal authority that directly conflicts with this circuit's precedent.[8] Consequently, the TVA's motion to strike Chaney's jury

---

[7] The TVA also moves to dismiss Chaney's punitive damages claim. Doc. 31 at 1. However, this issue is moot because Chaney has clarified that he does not seek punitive damages from the TVA. *see* doc. 36 at 1 n. 1, and, indeed, a review of the complaint indicates that Chaney only seeks punitive damages against McBride and G.UB.MK, doc. 1 at 13.

[8] Chaney argues that these cases rely on authority that incorrectly interprets *Lehman v. Nakshian*, 453 U.S. 156 (1981), to stand for the premise that when Congress abrogates the sovereign immunity of a federal instrumentality, it must "affirmatively and unambiguously" grant the right to trial by jury for this right to apply to actions against that instrumentality. Doc. 36 at 8–10. Instead, he urges the court to follow the reasoning of *Doe v. Am. Nat. Red Cross*, which based its refusal to strike a jury demand against the American National Red Cross ("Red Cross") on a determination that the previously described presumption against the right to a jury trial applied only to the federal government, and that a countervailing presumption in favor of a right to a jury trial applied in suits against federal instrumentalities. 847 F. Supp. 643, 657 (W.D. Wis. 1994). This circuit, however, has held that *Lehman* precludes a jury trial against a federal

demand is due to be granted.

The court will enter a contemporaneous order consistent with this opinion.

Done this 18th day of July, 2014.

                                                                */s/ Abdul K. Kallon*
                                                           **ABDUL K. KALLON**
                                         UNITED STATES DISTRICT JUDGE

---

instrumentality, namely the Red Cross, absent an express Congressional grant of a right to a jury trial. *Barton v. Am. Red Cross*, 826 F. Supp. 412, 414–15 (M.D. Ala. 1993), *aff'd without opinion*, 43 F.3d 679. In light of this persuasive precedent, the court declines to follow *Doe*.